UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 96-2248

_____

Helen R. Payne,                        *
Administratrix of the Estate              *
of Michael L. Payne, Deceased,        *
                                       *
       Appellant,                      *     Appeal from the United States
                                       *  District Court for the
    v.                                 *     Western District of Arkansas
                                       *
ABB Flexible Automation, Inc.,         *   (UNPUBLISHED)
                                       *
       Appellee.                       *

_____

Submitted: December 13, 1996
Filed: June 9, 1997

_____

Before LOKEN and HANSEN, Circuit Judges and PERRY,[1]
District Judge.

_____

PER CURIAM.

This case arises from an industrial accident that fatally injured Michael L. Payne while he was working in the cell of an automated robot at the Fayetteville, Arkansas, facility of Superior Industries ("Superior") on September 27, 1994. Helen Payne, the Administratrix of the estate of Michael Payne, brought a product liability

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

action against  ABB Flexible Automation, Inc. ("ABB"),
the manufacturer of the robot, alleging strict

liability and negligence.  The district court[2] granted summary judgment to ABB and the appellant  now appeals. We affirm.

On the evening of September 27, 1994, Payne was working as a "cell operator" at Superior.  As a cell operator, Payne was responsible for operating and programming an M93 IRB 6000 automated robot used for the production of aluminum automobile wheels, and for supervising other employees working in the robot's cell. There were no witnesses to the accident.  Payne had instructed his co-workers to take a break, while he remained in the cell.  When a co-worker returned to the cell, he found Payne pinned between the robot's gripper arm and a wheel inside a drilling machine.  Payne died two days later.

In the amended complaint, appellant alleged that ABB was negligent and strictly liable for designing and manufacturing a robot that was defective and unreasonably dangerous.  ABB moved for summary judgment, asserting that appellant failed to produce evidence necessary to support the elements of her claims.  In support of the motion for summary judgment, ABB submitted an accident/safety report prepared by the Occupational Health and Safety Administration ("OSHA"), and Superior's "Accident/Incident Report," prepared by supervisors, technicians and engineers of ABB and Superior.  The OSHA report did not attribute the accident to a defect in the robot, but cited Superior for removing safety devices from the cell of a programmed robot, and for allowing

---

[2]The Honorable H. Franklin Waters, United States District Court for the Western District of Missouri.

employees to enter into the immediate operational area of the robot, thereby exposing them to the danger of injury by being caught in the robot's jaws. OSHA subsequently deleted the citation and waived the penalty following an informal conference in which Superior agreed to correct the violations. The Superior report indicated that inattention by Payne was the primary factor in the accident, and found that Payne had overlooked safety measures by entering the cell before "locking it out,"

and by running the robot at 100% test speed while inside the cell, rather than at 25% speed as required by Superior's safety guidelines.

In opposing the motion for summary judgment, plaintiff did not submit affidavits or depositions, but only offered admissions of ABB, made in response to plaintiff's request for admissions, claiming that they "in and of themselves, raise genuine issues of material facts as to the elements alleged herein of strict liability and negligence."  The district court granted the motion for summary judgment, concluding that the admissions failed to create any triable issue of fact as to whether the robot was negligently or defectively designed.

We review a grant of summary judgment de novo. Anderson v. F.J. Little Machine Co., 68 F.3d 1113, 1114 (8th Cir. 1995).  A grant of summary judgment should be affirmed if the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Under this standard, the inquiry is not on whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." Anderson, 477 U.S. at 251.

The district court properly granted defendant's motion for summary judgment because plaintiff failed to introduce evidence which created a genuine issue of

material fact concerning its claims of negligence and defective design.[3]  Under Arkansas law, to sustain a negligence action a plaintiff must produce evidence that (1) defendant has

---

[3]In her complaint, plaintiff also alleged that defendant was strictly liable for its failure to warn users of the robot's defective condition.  As this issue was not raised in appellant's brief, the court will treat it as having been abandoned.  Fed. R. App. 28(a)(5); see Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985).

failed to use the standard of care that a reasonably careful person would use, Arkansas Kraft v. Cottrell, 855 S.W.2d 333, 337 (Ark. 1993), and that (2) the failure to exercise this care was the proximate cause of injuries suffered by the plaintiff.  See Skinner v. R.J. Griffin & Co., 855 S.W.2d 913, 915 (Ark. 1993).

Similarly, in a product liability action alleging strict liability, a plaintiff must establish that:  (1) the supplier is engaged in the business of manufacturing, selling or distributing the product, (2) the product was supplied to the plaintiff in a defective condition which rendered it unreasonably dangerous, and (3) the defect was the proximate cause of the injury.  ARK. CODE ANN. § 4-86-102(a) (Michie 1987).

The first admission submitted by appellant concedes that the robot did not meet the requirements of the American National Standard for Industrial Robots and Robot Systems-Safety Requirements 15.06-1992 with regard to slow speed definition.[4]  The district court properly held that this admission was irrelevant, because plaintiff did not produce evidence  that the robot was operating at slow speed or that the gripper arm was positioned at tool centerpoint at the time of the accident.  Indeed, the uncontradicted evidence in the record establishes that the robot had been running in the "100% speed test mode" at the time the accident occurred.

---

[4]In reviewing the limited amount of evidence in the record, it appears that "slow speed definition" refers to the movement of the robot's gripper arm in the 25% slow speed mode when it is positioned at tool centerpoint.

The court also properly held that the second admission, that a robot can make unexpected movements as a result of programming error, also failed to create a genuine issue of material fact. While plaintiff can use direct or circumstantial evidence to support her claim, she can not rely on inferences based on conjecture or speculation. Arkansas Kraft, 855 S.W.2d at 337. The assertion of possible causes does not satisfy the plaintiff's burden of proving causation, and the possibility that programming error

could have caused unexpected movements, therefore, does not establish that programming error was the proximate cause of Payne's injuries.

In the third admission submitted by plaintiff, ABB conceded that a pause or stop in the pattern of movement of the robot may be followed by movements at high speed if such movements are a part of the program installed in the robot. The fourth admission acknowledged that signals from external equipment can change the pattern of movement of the robot, without warning, if the robot controller is interfaced with external equipment. The court correctly dismissed both admissions as irrelevant since plaintiff failed to produce evidence that the robot that injured Payne was interfaced with external equipment or programmed to execute "high speed movements" following a pause or stop in movement.

The last admission submitted by plaintiff conceded that the robot was not installed with a safety feature, referred to as a "presence-sensing device," which would enable the robot to detect the entry of personnel into its sensing field. The absence of a safety device may be considered in determining whether a product was negligently designed or defective rendering it unreasonably dangerous. French v. Grove Mfg. Co., 656 F.2d 295, 298 (8th Cir. 1981). Hindsight knowledge that the presence-sensing device might have possibly prevented the accident, in and of itself, however, does not establish that the robot was defective. See Verson Allsteel Press Co. v. Garner, 547 S.W.2d 411, 415 (Ark. 1977). Under the Arkansas Product Liability Act, a "defective condition" is a "condition of a product that

renders it unsafe for reasonably foreseeable use and consumption." ARK. CODE ANN. § 4-86-102(a) (Michie 1979). A product is deemed to be unreasonably dangerous when it creates a danger which is beyond that which would be contemplated by the ordinary and reasonable user of the product who possesses the ordinary knowledge of similar users regarding the risks, hazards and proper uses of the product. Id. While not conclusive, evidence that a particular safety device is commonly used in a particular industry carries weight in determining whether a proper standard of care has been breached. Verson Allsteel, 547 S.W.2d at 415.

Moreover, the opinion of an expert witness can also create an issue as to whether a machine is defective and dangerous without a specific safety feature. <u>Cowart v. Casey Jones, Contractor, Inc.</u>, 467 S.W.2d 710, 711 (Ark. 1971). Plaintiff, however, failed to produce any evidence which showed that ABB's failure to manufacture the robot with the safety device constituted negligence, or that it rendered the robot defective or unreasonably dangerous. Appellant failed to present any evidence showing that the absence of the safety device was the proximate cause of Payne's injuries. In proving causation, a plaintiff must introduce evidence which excludes other possible causes which are supported by the evidence. <u>Kaplon v. Howmedica, Inc.</u>, 83 F.3d 263, 267 (8th Cir. 1996); <u>Williams v. Smart Chevrolet Co.</u>, 730 S.W.3d 479, 482 (1987). Merely asserting that a safety device would have prevented an accident does not satisfy plaintiff's burden of proving causation. <u>Skinner</u>, 855 S.W.2d at 915. Appellant, therefore, failed to negate other possible causes of the accident and offered no evidence to support her theory that the absence of the presence-sensing device was the proximate cause of the accident.

Appellant also argues that ABB has not satisfied its burden under Rule 56(c) because it relies on unsworn, out of court statements that amount to hearsay. However, the moving party is not required to come forward with affidavits which negate the plaintiff's claims under Rule 56(c). Fed. R. Civ. P. 56(c); <u>Hartnagel v. Norman</u>, 953 F.2d 394, 395 (8th Cir. 1992). Movant is only required to specifically point to the relevant portions of the record that show a lack of a genuine issue. <u>Celotex</u>

Corp. v. Catrett, 477 U.S. 317, 324 (1986). Here, ABB has met its burden by indicating the absence of elements necessary to support the plaintiff's claims.

In her brief, appellant also argues that summary judgment should not be granted in this case because the parties were in the early stages of the discovery process. Rule 56(c) requires that the parties have adequate time for discovery. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The record reveals that plaintiff was given an additional 23 days to respond to the motion for summary judgment.

Appellant did not request additional time to respond to the motion or to conduct additional discovery, choosing instead to rely on ABB's responses to the requests for admissions.  The district court did not consider the motion prematurely.  See Celotex, 477 U.S. at 326.

Because the admissions, pleadings, and record on appeal fail to present evidence which raises a material issue as to whether the robot was negligently or defectively designed, the court properly granted ABB's motion for summary judgment.  The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT